# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**SE PROPERTY HOLDINGS, LLC,**
as Successor by Merger with
**VISION BANK,**

    **Plaintiff,**

v.                                           **Case No. 3:13cv6/MCR/CJK**

**HCB FINANCIAL CORP.,**

    **Defendant.**
_____/

## **ORDER**

The Court previously held a bench trial in this case and entered an Order finding Defendant HCB Financial Corp. ("HCB") liable in tort and granting declaratory relief to Plaintiff SE Property Holdings, LLC's ("SE Property"). Final judgment was not yet entered because during trial, the parties agreed that the amount of any attorney's fees awarded as substantive tort damages could be proven post trial. SE Property has now submitted its proof of attorney's fees as substantive damages, and HCB objects.

**BACKGROUND**

The details of this complicated set of affairs are set forth in the Court's Order granting declaratory judgment, dated September 24, 2015. *See* Order, ECF No. 353. Those findings are incorporated here by reference and will not be repeated in full, but it is necessary to recount them briefly as background. It was established at the bench trial that SE Property was a participating bank in a large development loan made to North Tip Development, LLC ("the North Tip Loan"), as successor by merger with Vision Bank, and a party to what is known as the VB Participation Agreement. GulfSouth Private Bank ("GulfSouth") was the "Originating Bank," which imposed fiduciary duties pursuant to the Agreement. When the North Tip Loan fell into default, GulfSouth as Originating Bank foreclosed on the secured property and obtained a deficiency judgment for the remaining amount, totaling over $10 million, in GulfSouth's name. The participating banks each had an interest in the deficiency judgment by virtue of their share in the loan. SE Property's share, based on its percentage of stake in the Participation Agreement, totaled $4,656,850.20.

Unsatisfied with the fact that the judgment had not been divided among the participating banks as originally agreed and that no collection efforts were underway by the Originating Bank, SE Property brought this suit against GulfSouth, seeking a

declaration of the parties' respective rights and obligations under the VB Participation Agreement and seeking the right to engage in its own collection efforts up to its share of the deficiency judgment. A wrinkle to this already complicated transaction came to light when, after filing this suit, SE Property discovered that before this suit was filed and before falling into an FDIC receivership, GulfSouth had assigned to HCB its interest in the VB Participation Agreement, along with the Originating Bank status and the North Tip deficiency judgment. This wrinkle turned out to be a Gordian knot[1] when SE Property also discovered during the present litigation that HCB–the newly assigned Originating Bank with control over the deficiency judgment and the collection efforts as agent of the participating banks–in fact was controlled by a judgment debtor, Rupert Phillips, and SE Property later also discovered that Phillips had personally negotiated the assignment to HCB with the intention of settling GulfSouth's claim and gaining control over the collection process.[2] SE Property also learned during the course of discovery that GulfSouth had

---

[1] Merriam-Webster's online dictionary defines a "Gordian knot" as "an intricate problem; especially a problem insoluble in its own terms;" and in particular, the term references a knot tied by Gordius, King of Phyrgia, "capable of being untied only by the future ruler of Asia" and cut by the sword of Alexander the Great. http://www.merriam-webster.com/dictionary/gordian%20knot.

[2] Phillips was the sole member of the Board of HCB but was not an officer. Nonetheless, it was clear from the evidence at trial that despite purporting to distance himself from HCB by stepping down as president, Phillips solely controlled its actions. In this matter, he negotiated the

immediately forwarded the Complaint in this case to Phillips and HCB (since by then HCB was the Originating Bank, not GulfSouth), but HCB took no action to disclose the assignment to SE Property or correct the mistaken identity. SE Property amended the Complaint after learning the truth.[3]

Shortly before the bench trial, the parties submitted a pretrial report identifying an unresolved issue of law regarding whether SE Property was entitled to attorney's fees as a measure of substantive damages. HCB argued in a Motion in Limine that the claim was either waived by the failure to plead it specially or was premature. SE Property responded that it was seeking attorney's fees as alternative substantive damages in tort or equity because, as a result of HCB's wrongful conduct, it had been forced to incur additional fees by filing suit against GulfSouth when it was no longer the Originating Bank. Without addressing the pleading issue, the Court denied HCB's Motion in Limine, finding that although proof of attorney's fees was premature as supplemental relief on the declaratory judgment counts, it could be relevant as

---

assignment and instructed HCB's president to finalize the deal. He even appeared at mediation in this case as HCB's sole representative.

[3] On January 28, 2013, the First Amended Complaint added HCB as Originating Bank. On August 13, 2013, the Second Amended Complaint, among other things, added claims against HCB to declare the assignment void due to the newly discovered conflict of interest and alleging tortious interference.

substantive damages on the tort claim. During trial, HCB continued to object to evidence of attorney's fees, and the parties agreed to a procedure allowing proof of attorney's fees as substantive damages after trial, if necessary, depending on how the Court's ruling on liability.

Following trial, the Court entered an Order granting SE Property declaratory relief on Count I in part and terminated the assignment of Originating Bank status to HCB as void due to a conflict of interest. However, because GulfSouth was no longer in existence and the FDIC-R disclaimed any interest in the VB Participation Agreement, the Originating status could not revert back to GulfSouth, and therefore, the Court cut the proverbial Gordian knot and also declared under Count II that SE Property must be allowed to engage in its own collection efforts up to its 44.9% share of the deficiency judgment ($4,656,850.20 plus interest). On Count III, the Court found that HCB had tortiously interfered with the VB Participation Agreement and that this wrongful conduct had caused SE Property to incur additional attorney's fees by litigating initially against the wrong party. The Court rejected HCB's argument that SE Property had waived a right to seek attorney's fees as special damages by failing to plead them, concluding that in this context, the claim was one for general damages that did not need to be specially pled. The Court thus deferred entering final

judgment and directed SE Property to submit its proof of attorney's fees incurred up to "the point in time when HCB was named as a defendant and its relationship with Phillips became clear."

SE Property complied and now requests attorney's fees in the amount of $214,212.60. HCB objects, arguing that any award should be limited to $24,531.88. HCB also continues to argue that these are special damages under Florida law, which SE Property waived by not pleading them. In reply, SE Property maintains that the Court has already rejected this argument.

**DISCUSSION**

HCB effectively requests reconsideration of the Court's ruling that SE Property is entitled to attorney's fees as substantive damages by challenging the Court's prior conclusion that these are general, as opposed to special, damages. The Court has authority to rescind or reconsider its own interlocutory orders at any time before final judgment. *See Harper v. Lawrence Cty.*, 592 F.3d 1227, 1231 (11th Cir. 2010); *see also* Fed. R. Civ. P. 54(b) (stating an order "may be revised at any time before the entry of a judgment adjudicating all the claims"). While this is an "extraordinary remedy to be employed sparingly," *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1296 (M.D. Fla. 2012) (quoting *Lamar Adver. of Mobile, Inc. v.*

*City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999)), courts have found it appropriate to reconsider where there is a "need to correct clear error or manifest injustice," *id.* (quoting *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).[4] On further consideration of the law, the pleadings, and the arguments of the parties, the Court finds that reconsideration is necessary to correct a clear error of law.

In diversity cases, the Court applies state substantive law but federal procedural law. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *Nat'l Distillers and Chem. Corp. v. Brad's Mach. Prods., Inc.*, 666 F.2d 492, 494-95 (11th Cir. 1982). The Federal Rules of Civil Procedure require that when special damages are sought, they must be "specifically stated." *See* Fed. R. Civ. P. 9(g). The failure to plead special damages as required by the federal rules "bars recovery for the items of special damage that are not set forth in the pleading." The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman, 5A Fed. Prac. & Proc. Civ. § 1312 (3d ed.). Special damages are defined in Florida law as follows:

---

[4] Although not at issue here, reconsideration before final judgment has also been found to be appropriate based on a change in controlling law or where new evidence becomes available. *See Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1296 (M.D. Fla. 2012).

Case No. 3:13cv6-MCR/CJK

> Special damages are considered to be the natural but not the necessary result of an alleged wrong or breach of contract. In other words, they are such damages as do not follow by implication of law merely upon proof of the breach. On the other hand, general damages are those which the law presumes actually and necessarily result from the alleged breach or wrong.

*Augustine v. S. Bell Tel. & Tel. Co.*, 91 So.2d 320, 323 (Fla. 1956).

HCB maintains that under Florida tort law, attorney's fees incurred in litigating against the wrong party, i.e., the "wrongful act doctrine," are special, not general, damages and therefore must be pled specifically or they are waived, contrary to the Court's prior ruling that they are general damages.[5] In support of the argument, HCB now cites *Robbins v. McGrath*, 955 So. 2d 633, 634 (1st DCA 2007). In *Robbins*, the First District Court of Appeal reversed an award of attorney's fees based on the wrongful act doctrine where the attorney's fees were not pled as special damages and

---

[5] As discussed in the prior Order, ordinarily, compensatory damages do not include attorney's fees incurred in prosecuting or defending a claim "in the absence of statutory authority or a contractual agreement authorizing their recovery," *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004) (quoting *Bidon v. Dep't of Prof. Reg, Fla. Real Estate Com'n*, 569 So. 2d 450, 452 (Fla. 1992)), but the "wrongful act doctrine" is an exception, allowing attorney's fees to be recovered as substantive damages on some intentional torts where a wrongful act has caused the plaintiff to engage in litigation with a third party in connection with the dispute. *See, e.g., Quality Holdings of Fla., Inc. v. Selective Investments, IV, LLC*, 25 So. 3d 34, 37 n.1 (Fla. 4th DCA 2009); *Auto-Owners Ins. Co. v. Hooks*, 463 So. 2d 468, 477 (Fla. 1st DCA 1985) (reciting the rule that attorney's fees are recoverable under the wrongful act exception if incurred in litigation with a third party in connection with the dispute); *Northamerican Van Lines, Inc. v. Roper*, 429 So. 2d 750, 752 (Fla. 1st DCA 1983) (applying the wrongful act doctrine).

were raised for the first time in a pretrial brief, *see id.*, a situation strikingly similar to this case. SE Property makes no attempt to distinguish *Robbins* nor does it cite any Florida law directly contradicting it. It relies instead on case law providing that attorney's fees may be awarded in *equity* in special circumstances, *see Martin v. Paskow*, 339 So. 2d 266, 268 (Fla. 3d DCA 1976), which is a different issue. Having fully reconsidered the matter, the Court agrees with HCB that the *Robbins* case is directly on point and controlling.[6] *See Robbins*, 955 So. 2d at 634; *Winselmann v. Reynolds*, 690 So. 2d 1325, 1328 (Fla. 3d DCA 1997) (noting that attorney's fees incurred in litigation with others because of the defendant's wrongful act are treated as "special damages"); *State Farm Fire & Cas. v. Pritcher*, 546 So. 2d 1060, 1061 (Fla. 3d DCA 1989) (recognizing that the wrongful act doctrine permits a plaintiff to recover attorney's fees as "special damages" in certain circumstances). Thus, a

---

[6] When sitting in diversity, this Court is bound to follow the Florida Supreme Court and the precedent of the intermediate state appellate court that would control if the case had been filed in state court. *See generally Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009); *see also Inlet Condo. Ass'n, Inc. v. Childress Duffy, Ltd., Inc.*, 615 F. App'x 533, 534 (11th Cir. 2015) (unpublished) (applying not only the Florida Supreme Court's articulation of a doctrine but also "the interpretation and application of the doctrine by the Third District Court of Appeal, whose precedent would have governed had this diversity case been filed in state court"); *Allen v. United Servs. Auto Ass'n*, No. 3:13cv143-MCR/CJK, 2014 WL 1303650, at n.10 (N.D. Fla. Mar. 30, 2014) (noting Northern District of Florida is bound to apply decision of Florida' First District Courts of Appeal on substantive state law in the absence of controlling Florida Supreme Court law).

damages claim in tort for attorney's fees caused by a wrongful act must be pled as *special* damages under Florida law, and the Court's prior reliance on the standard for general damages was in error.

Nothing in SE Property's pleading provided any notice that attorney's fees were claimed as special substantive tort damages in this case, and SE Property never requested leave to amend its pleading to add this claim.[7] Under Florida law, it is "per se reversible error" to admit evidence of special damages without proper pleading. *See Carnival Cruise Lines, Inc. v. Nunez*, 646 So. 2d 831, 833 (Fla. 3d DCA 1994); *see also Democratic Repub. of the Congo v. Air Capital Group, LLC*, Case No. 12-20607-civ, 2013 WL 2318904, at *2 (S.D. Fla. May 28, 2013); *Robbins*, 955 So. 2d at 634 (reversing where a claim of attorney's fees under the wrongful act doctrine was raised for the first time in a trial brief). Similarly, the Federal Rules of Civil Procedure require specific pleading of special damages, and a failure to do so results in waiver. *See* Fed. R. Civ. P. 9(g); *see generally City of New York v. Golden Feather Smoke Shop, Inc.*, 08-CV-03966 CBA JMA, 2013 WL 3187049, at *32 (E.D.N.Y.

---

[7] The first notice that SE Property was claiming attorney's fees as substantive damages in tort was one line in the parties' pretrial report filed shortly before trial. SE Property responded to HCB's motion in limine to exclude the evidence of attorney's fees, stating they were sought as alternative damages, but did not include this issue in its trial brief.

June 20, 2013) (noting that under Rule 9(g), the "failure to request items of special damages in the pleadings results in a waiver of the right to those damages." (internal marks omitted)).

SE Property argues that Rule 54(c) directs courts to grant the relief a party is entitled to, regardless of whether the party demanded the relief in its pleadings, and more specifically, that under Eleventh Circuit precedent, a pleading failure does not necessarily preclude the recovery of attorney's fees, citing *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000), and *Kamel v. Kenco/The Oaks at Boca Raton*, No. 07-80905, 2008 WL 3471594, at *1 (S.D. Fla. Aug. 11, 2008) (stating that Florida's rules requiring the pleading of attorney's fees are procedural). Although the Court agrees that pleading rules generally are procedural and Rule 54(c) is broad, the rules are designed to provide notice of the claims at issue, and "Rule 54(c) creates no entitlement to relief based on issues not squarely presented and litigated at trial." *Cioffe v. Morris*, 676 F.2d 539, 541-42 (11th Cir. 1982). Here, the attorney's fee issue was not tried by consent, HCB persisted in its objection, and SE Property did not request that the pleadings be amended. The Court finds the cases SE Property cites, *Capital Asset* and *Kamel,* distinguishable because in both cases,

the attorney's fees were being claimed as costs or expenses to a prevailing party under Rule 54 and also pursuant to a contract, which provided notice of the claim. *See Capital Asset*, 216 F.3d at 1270 (awarding attorney's fees to a prevailing party based on a contractual term despite a failure to plead attorney's fees); *Kamel*, 2008 WL 3471594, at *1 (applying *Capital Asset* and awarding attorney's fees based on a contractual provision). Here, by contrast, the fees are claimed as tort damages as defined by state tort law, not by prevailing party status or the terms of a contract, and the issue was not raised until very shortly before trial. Rule 54 outlines the procedure for a prevailing party to seek attorney's fees by motion but expressly states that this procedure does not apply when "substantive state law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2) & Advisory Committee Notes. Although the parties agreed during trial to a procedure of proving these substantive damages post trial, if necessary, the Court notes that HCB continued to object based on a lack of notice and pleading deficiency.

The Court finds that HCB was not on notice that this item of special damages was at issue until the eve of trial. SE Property's fundamental failure to plead attorney's fees as an item of special damages left HCB with insufficient notice of the

Case No. 3:13cv6-MCR/CJK

claim. Therefore, the Court finds that the proof of these damages will not be admitted as proof of substantive damages on the tort claim. Thus, SE Property did not prove any damages on the tort claim. Because damages are an essential element of a claim of tortious interference with a contract, *see Mariscotti v. Merco Group At Akoya, Inc.*, 917 So. 2d 890, 892 (Fla. 3d DCA 2005), SE Property cannot prevail on Count III.[8] The bench trial Order is hereby modified consistent with this Order.[9]

Accordingly:

1. The Court's Order, ECF No. 353, is **VACATED in PART** and hereby **AMENDED** consistent with this Order to provide that HCB is not liable on the tortious interference with a contract claim of Count III. Plaintiff's Motion for

---

[8] HCB notes that the Court's bench trial Order cited incorrect law on the tortious interference claim. While HCB is technically correct that the Court recited the elements of intentional interference with a business relationship instead of intentional interference with a contract in its Order, the distinction is immaterial in this case and does not require reconsideration. Factually, the claim involved a business relationship created by contract, necessarily placing both the relationship and the agreement at issue and blurring the lines between the doctrines. Reciting the proper cases and elements in this instance, however, makes no difference to the outcome in this case. *See Mariscotti v. Merco Group At Akoya, Inc*., 917 So. 2d 890, 892 (Fla. 3d DCA 2005) (stating the elements of tortious interference with a contract); *see also Gossard v. Adia Servs., Inc*, 723 So. 2d 182 (Fla. 1998) (applying the causation standard for interference with a business relationship to a claim of interference with a contract).

[9] SE Property maintains that based on the Court's prior findings, it will pursue attorney's fees after judgment in an equitable proceeding supplemental to the declaratory judgment, *see* Fla. Stat. § 86.061, which was specifically pled in the Second Amended Complaint. This matter is not now before the Court.

Attorney's Fees in accordance with the Court's Trial Order, ECF No. 362, is **DENIED.**

2. The Clerk is directed to enter the final judgment consistent with the bench trial Order, ECF No. 353, as amended herein, and close the file.

3. Any post-trial proceeding supplemental to the declaratory judgment must be filed within thirty (30) days of the judgment.[10]

**DONE AND ORDERED** this 17th day of February, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[10] To the extent the relevant arguments and objections have already been made with reference to the tort claim, the parties are free to incorporate prior filings and proof by reference to avoid duplication if and when SE Property files its motion.